UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KARL W. MORGAN,<br><br>            Petitioner,<br><br>     v.<br><br>MARK SEVIER Superintendent of the New Castle Correctional Facility,<br><br>            Respondent. | )<br>)<br>)<br>)<br>)   No. 1:23-cv-01720-SEB-CSW<br>)<br>)<br>)<br>)<br>) |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Petitioner Karl Morgan is incarcerated for his 2017 Adams County, Indiana, convictions for child molesting. Mr. Morgan now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent argues that the petition must be denied because it is untimely and his claims are procedurally defaulted. Because Mr. Morgan's petition is untimely and he is not entitled to equitable tolling, Respondent's motion to dismiss, dkt. [8], is **granted**, and Mr. Morgan's petition for a writ of habeas corpus is **dismissed with prejudice**. In addition, the Court finds that a certificate of appealability should not issue.

**I. Background**

After Mr. Morgan pleaded guilty to two counts of child molesting, the trial court sentenced him to 20 years, with 14 years executed and 6 years suspended, on May 17, 2017. Dkt. 8-1 at 10; dkt. 8-10 at 2–3. Mr. Morgan did not initiate a direct appeal. Dkt. 8-1 at 11. His notice of appeal was due on June 16, 2017. *See* Ind. App. R. 9(A)(1) (30 days after final judgment).

On July 31, 2017, Mr. Morgan filed a petition for post-conviction relief. Dkt. 8-2 at 1–2. The post-conviction court denied his petition on August 10, 2020. *Id.* at 4. Mr. Morgan initiated

an appeal, which pended until the Court of Appeals of Indiana granted his motion to withdraw his appeal and dismissed it on December 28, 2020. Dkt. 8-3 at 1−3; dkts. 8-4, 8-5.

On November 16, 2021, Mr. Morgan filed a motion to correct erroneous sentence, which the trial court denied two days later. Dkt. 8-1 at 15; dkt. 8-10 at 3. Mr. Morgan appealed, challenging the trial court's determination that he is a sexually violent predator ("SVP"). Dkt. 8-7. The Court of Appeals of Indiana concluded that he is an SVP under Indiana law and affirmed the trial court on September 20, 2022. Dkt. 8-10 at 4. Mr. Morgan did not file a petition to transfer to the Indiana Supreme Court. Dkt. 8-6 at 7–8.

On September 22, 2022, Mr. Morgan filed a motion to enforce the plea agreement, which the trial court denied on October 3, 2022. Dkt. 8-1 at 17. Mr. Morgan initiated an appeal, which pended until March 31, 2023, when the Court of Appeals of Indiana dismissed it with prejudice because he did not file a brief. Dkt. 8-11 at 1−5; dkt. 8-12. Mr. Morgan did not file a petition to transfer to the Indiana Supreme Court. Dkt. 8-11 at 5–6.

On January 13, 2023, Morgan filed another motion to correct erroneous sentence, which the trial court denied on January 24, 2023. Dkt. 8-1 at 18. Mr. Morgan initiated an appeal, which pended until May 3, 2023, when the Court of Appeals of Indiana dismissed it with prejudice. Dkt. 8-13 at 1–6; dkt. 8-14. Mr. Morgan filed a petition to transfer, arguing that he was not an SVP and challenging his sentence. Dkt. 8-15. The Indiana Supreme Court denied his petition on August 10, 2023. Dkt. 8-13 at 7–8; dkt. 8-15.

Mr. Morgan put his petition for a writ of habeas corpus in the prison mailing system on September 18, 2023. Dkt. 1 at 13. Respondent filed a motion to dismiss on November 6, 2023. Dkt. 10. Mr. Morgan did not respond, and the time to do so has passed.

## II. Applicable Law

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). This leaves two options for when a judgment becomes final. "For petitioners who pursue direct review all the way to th[e] [United States Supreme] Court, the judgment becomes final . . . when th[e] [United States Supreme] Court affirms a conviction on the merits or denies a petition for certiorari." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (quotation marks omitted). "For all other petitioners, the judgment becomes final . . . when the time for pursuing direct review in th[e] [United States Supreme] Court, or in state court, expires." *Id.* (quotation marks omitted). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. Discussion

Under 28 U.S.C. § 2244(d)(1)(A), Mr. Morgan's judgment became final on June 16, 2017, the day his direct appeal notice of appeal was due. *Gonzalez*, 565 U.S. at 150 ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires").

3

Mr. Morgan stopped the limitations clock 44 days later when he filed his petition for post-conviction on July 31, 2017. Dkt. 8-2 at 1–2. His limitations period tolled until December 28, 2020, when the Indiana Court of Appeals dismissed his appeal with prejudice. Dkt. 8-2 at 1–3; dkt. 8-5; *see Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (holding that "the statute of limitations is tolled only while state courts review the application").

It is unnecessary to determine if the proceedings that followed were properly filed applications for post-conviction review because Mr. Morgan's statute of limitations expired before he initiated them. After the court dismissed his post-conviction appeal, he had 321 days remaining on his limitations period. He waited 322 days to file his first motion to correct erroneous sentence on November 16, 2021. Dkt. 8-1 at 15. His statute of limitations expired the day before, on November 15, 2021.[1]

The following chart illustrates this:

| Judgment Final | June 16, 2017 | 365 days left in limitations period |
|---|---|---|
| State Post-Conviction Filed | July 31, 2017 | 321 days left in limitations period |
| Post-Conviction Appeal Dismissed | December 28, 2020 | 321 days left in limitations period |
| Limitations Period Expires | November 15, 2021 | |
| Habeas Petition Mailed | September 18, 2023 | 672 days beyond one-year limitations period |

A court may excuse a petitioner's late filing if he demonstrates that he is entitled to equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way

---

[1] And—even if the litigation of his two motions to correct erroneous sentence and his motion to enforce the plea agreement tolled his limitations period—one more day elapsed between his first motion to correct erroneous sentence appeal and his motion to enforce the plea agreement, and 38 more days elapsed between his second motion to correct erroneous sentence appeal and the day he filed his habeas petition. Thus, if those proceedings counted for tolling purposes, his petition is still untimely because he took 405 days to file his habeas petition.

4

and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Mr. Morgan did not acknowledge that his petition was untimely, and he presented no argument that he is entitled to equitable tolling. *See* dkt. 1 at 11 (in section entitled "Timeliness of Petition," stating: "This Petition has been filed within the time limits afforded."). Accordingly, Mr. Morgan is not entitled to equitable tolling.

Because Mr. Morgan's petition is untimely, the respondent's motion to dismiss, dkt. [8], is **granted**. The Court need not address the respondent's alternative argument that Mr. Morgan's claims are procedurally defaulted.

### IV. Certificate of Appealability

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2). In deciding whether a certificate of appealability should issue, "the only question is whether the applicant has shown that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 580 U.S. at 115 (cleaned up). Where a claim is resolved on procedural grounds (such as the statute of limitations), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Mr. Morgan's petition was filed beyond the expiration of the one-year statutory limitations period, and he presented no argument that he was entitled to equitable tolling. Jurists of reason would not disagree with this Court's resolution of this claim, and nothing about the claim deserves encouragement to proceed further.

The Court therefore **denies** a certificate of appealability.

### V. Conclusion

Mr. Morgan's petition for a writ of habeas corpus was filed after the expiration of the one-year time limitation. The respondent's motion to dismiss, dkt. [8], is therefore **granted**, and the petition for a writ of habeas corpus is **dismissed with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("The dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice"). A certificate of appealability is **denied**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 4/11/2024

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

KARL W. MORGAN
250463
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
P.O. Box E
NEW CASTLE, IN 47362

All Electronically Registered Counsel